UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES D. VILLACRES,<br><br>               Plaintiff,<br><br>       v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>               Defendants. | No.  2:16-cv-0305 AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 together with a request for leave to proceed in forma pauperis and a request for appointment of counsel.

Plaintiff was previously directed to file a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint.  ECF No. 5.  In response to the order, plaintiff stated that he had already submitted his certificate and requested that the court notify him if the certificate was not received.  ECF No. 7.  Plaintiff appears to have misunderstood what documentation the court was requesting.  The court has received the certificate filled out by prison staff which is a part of the application to proceed in forma pauperis.  ECF No. 4 at 2.  However, plaintiff is also required to provide a certified copy of his trust account statement.  In other words, he must provide a certified copy of the statement that shows all the

1

deposits to and withdrawals from his account over the past six months.  Plaintiff will be given additional time to comply with the court's order.

As for plaintiff's request for counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases, Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989), but in certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1),  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court has yet to screen the complaint to determine whether plaintiff has stated a cognizable claim for relief and therefore finds the request for appointment of counsel premature.  Plaintiff's request will be denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within thirty days from the date of this order, a certified copy of his trust account statement showing the deposits to and withdrawals from his account for the six month period immediately preceding the filing of the complaint. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

2. Plaintiff's motion for the appointment of counsel (ECF No. 2) is denied without prejudice.

DATED: April 4, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE