1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHARLES D. VILLACRES,                    No.  2:16-cv-0305 JAM AC P

12              Plaintiff,

13        v.                                  ORDER and FINDINGS AND
                                              RECOMMENDATIONS
14   CALIFORNIA DEPARTMENT OF
     CORRECTIONS, et al.,

15
                Defendants.
16

17        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18   has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding

19   was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20        I.        Application to Proceed In Forma Pauperis

21        Plaintiff has submitted multiple declarations that make the showing required by 28 U.S.C.

22   § 1915(a).  ECF Nos. 4, 12, 13.  Accordingly, the request to proceed in forma pauperis will be

23   granted.

24        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

25   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

26   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

27   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

28   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

                                               1

1    of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

2    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

3    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

4    1915(b)(2).

5         II.      Motion to Transfer

6         Plaintiff has submitted a motion to transfer this action to the Northern District of

7    California.  ECF No. 14.  He complains that this court has delayed screening the instant claims

8    because the court did not obtain the proper documents needed to determine whether he qualifies

9    to proceed in forma pauperis.  Id.  The federal venue statute provides that a civil action "may be

10   brought in a judicial district in which any defendant resides, if all defendants are residents of the

11   State in which the district is located" or in "a judicial district in which a substantial part of the

12   events or omissions giving rise to the claim occurred, or a substantial part of property that is the

13   subject of the action is situated."  28 U.S.C. § 1391(b)(1), (2).

14        In this case, the claim arose and the defendants appear to be located in San Joaquin

15   County and Sacramento County, which are in the Eastern District of California.  Petitioner fails to

16   mention any connection with the Northern District of California.  ECF No. 1.  Therefore, the

17   court has proper venue to review plaintiff's claims and the motion to transfer venue will be

18   denied.

19        III.     Statutory Screening of Prisoner Complaints

20             A.  Standards

21        The court is required to screen complaints brought by prisoners seeking relief against a

22   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

26        A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

27   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

28   Cir. 1984).  "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

2

1    meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona,

2    885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute

3    on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490

4    U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded,

5    has an arguable legal and factual basis.  Id.

6         "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

7    claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

8    what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

9    U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

10   However, in order to survive dismissal for failure to state a claim, a complaint must contain more

11   than "a formulaic recitation of the elements of a cause of action;" it must contain factual

12   allegations sufficient "to raise a right to relief above the speculative level."  Id. (citations

13   omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that

14   merely creates a suspicion [of] a legally cognizable right of action."  Id. (alteration in original)

15   (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d

16   ed. 2004)).

17        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

18   relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

19   Atl. Corp., 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

20   content that allows the court to draw the reasonable inference that the defendant is liable for the

21   misconduct alleged."  Id. (citing Bell Atl. Corp., 550 U.S. at 556).  In reviewing a complaint

22   under this standard, the court must accept as true the allegations of the complaint in question,

23   Hosp. Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in

24   the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v.

25   McKeithen, 395 U.S. 411, 421 (1969).

26        B.  Complaint

27        Plaintiff presents four grounds for relief, which for screening purposes will be

28   denominated as follows: (1) the Board of Prison Hearings ("BPH"), comprised of defendants

3

1    Shaffer, Labahn, Garner, Anderson, and Fasnatch, denied plaintiff's compassionate release based

2    on their conclusion that plaintiff was a current danger to society, without supporting evidence to

3    prove such finding; (2) Diana Touche, Acting Undersecretary of Health for the California

4    Department of Corrections and Rehabilitation ("CDCR"), failed to answer plaintiff's CDCR-602

5    First Level Appeal which requested evidence to show that plaintiff was a current danger to

6    society; (3) defendant M. Voong of the California Department of Corrections, Office of Appeals,

7    responded to plaintiff's grievance stating that the appeals office had no jurisdiction over

8    defendant Touche's findings and the San Joaquin County Superior Court failed to require that the

9    appeal be answered; and (4) California Health Care Facility ("CHCF") Warden Brian Duffy and

10   medical staff denied plaintiff's "inalienable right" to procure alternate nutritional supplementation

11   in the form of Chlorophyllin and NK Cell Activater to help abate the spread of plaintiff's terminal

12   cancer on the grounds that "vitamins are not medicine."  ECF No. 1 at 2-3, 5-6, 9.  Plaintiff seeks

13   injunctive relief and punitive damages from each defendant based on the above claims.  Id. at 3.

14                    C.  Claims Involving Denial of Compassionate Release and Parole

15                              1.  Scope of § 1983

16          Plaintiff alleges that the BPH did not grant him compassionate release because defendant

17   Touche sent a memorandum to BPH investigator Elizabeth Allen stating that plaintiff was a

18   "current danger to society."  ECF No. 1 at 3, 5.  Plaintiff also alleges that defendants Touche,

19   Voong, and the San Joaquin County Superior Court did not answer his appeals to compel

20   defendant Touche to provide evidence to support her findings.  Id. at 5.  Though not clearly a

21   separate claim, plaintiff also asserts that he was denied parole for the same reason he was denied

22   compassionate release.  Id. at 5-6.  He requests that he be released immediately if defendants are

23   unable to provide some evidence that he was a current danger to society.  Id. at 3.

24          State prisoners may not attack the fact or length of their confinement in a § 1983 action

25   and "habeas corpus is the appropriate remedy" for such claims.  Preiser v. Rodriguez, 411 U.S.

26   475, 490 (1973); see also Nettles v. Grounds, 830 F.3d 922, 930 (9th Cir. 2016) (holding that

27   habeas corpus is "available only for state prisoner claims that lie at the core of habeas (and is the

28   exclusive remedy for such claims), while § 1983 is the exclusive remedy for state prisoner claims

4

1    that do not lie at the core of habeas").  Here, plaintiff requests that this court order his

2    compassionate release, or possibly release on parole, if no evidence can be offered to show that

3    he was a current danger to society.  Such a claim lies directly within the core of habeas corpus

4    because a plaintiff is challenging the validity of his continued confinement and a favorable

5    determination would result in his immediate release.  To the extent that plaintiff's first, second,

6    and third claims challenge the fact or duration of his confinement, these allegations do not state a

7    cognizable claim for relief under § 1983.

8                          2.   Heck Bar

9          A claim to recover monetary damages is not cognizable under § 1983 if the claim

10    "would necessarily imply the invalidity of [the plaintiff's] conviction or sentence."  Heck v.

11    Humphrey, 512 U.S. 477, 487 (1994).  In order to recover damages, a plaintiff must prove "that

12    the conviction or sentence has been reversed on direct appeal, expunged by executive order,

13    declared invalid by a state tribunal authorized to make such determination, or called into question

14    by a federal court's issuance of writ of habeas corpus."  Id. at 486-87.  The so-called "Heck bar"

15    also applies to administrative determinations that bear directly on the length of time to be served.

16    Edwards v. Balisok, 520 U.S. 641, 643-47 (1977) (extending Heck rule to § 1983 claims that, if

17    successful, would imply the invalidity of a prison disciplinary decision that resulted in the

18    deprivation of good-time credits).

19          A decision regarding compassionate release is an administrative action that directly affects

20    the duration of custody.  Accordingly, Heck bars claims for damages predicated on the invalidity

21    of the decision to deny release.  Plaintiff makes no showing that his underlying conviction, denial

22    of parole, or denial of compassionate release has been reversed, expunged, invalidated, or

23    impugned by a writ of habeas corpus.  To the extent that plaintiff's first, second, and third claims

24    seek monetary damages based on a finding that he was improperly denied parole or

25    compassionate release, Heck bars the claims.

26    ////

27    ////

28    ////

1

3.  Compassionate Release

2      Plaintiff's first claim challenges the denial of compassionate release based on an allegedly

3  fabricated finding that he was a current danger to society.  This court has no authority to order

4  compassionate release.  As another magistrate judge in this district explained:

5
> A plea for compassionate release is not one which federal courts,
6
> sitting in habeas, or any other situation, are entitled to act upon.
> "There is no constitutional or inherent right of a convicted person to
7
> be conditionally released before the expiration of a valid sentence."
> Greenholtz v. Inmates of Nebraska Penal and Correctional
8
> Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979).
> "[N]either § 2241 nor § 2254 vest this Court with habeas corpus
9
> jurisdiction to order a compassionate release." Fox v. Warden Ross
> Correctional Inst., 2012 WL 3878143, *2[, 2012 U.S. Dist. LEXIS
10
> 126478, at *3] (S.D. Ohio Sept. 6, 2012).   California's law
> authorizing a court to recall a sentence is not mandatory, but only
11
> permissive, and contains no language permitting, let alone
> mandating, a compassionate release. Gonzales v. Marshall, 2008
12
> WL 5115882, *5[, 2008 U.S. Dist. LEXIS 124599, at *12-13] (C.D.
> Cal. Dec. 4, 2008), citing Cal. Penal Code § 1170(d).

13  Tucker v. Dep't of Corr., No. 2:13-cv-0293 GGH P, 2013 WL 1091282, at *1, 2013 U.S. Dist.

14  LEXIS 36347, at *2-3 (E.D. Cal. Mar. 15, 2013, adopted in full Apr. 24, 2013).

15      The appropriate avenue for seeking compassionate release appears to be set forth in

16  California Code of Regulations, tit. 15, § 3076 et seq. (Recall of Commitment Recommendation

17  Circumstances).  However, claims that prison officials declined to follow this law are not

18  cognizable in federal court because "[a]s a general rule, a violation of state law does not lead to

19  liability under § 1983." Campbell v. Burt, 141 F.3d 927, 930 (9th Cir. 1998) (citing Davis v.

20  Scherer, 468 U.S. 183, 194 (1984); Doe v. Conn. Dept. of Child & Youth Servs., 911 F.2d 868,

21  869 (2nd Cir. 1990)); see also Ransom v. Adams, 313 F. App'x 948, 949 (9th Cir. 2009)

22  (affirming summary dismissal of petitioner's claim that he was entitled to compassionate release

23  under Section 3076(d), because the assertion that state officials failed to follow state law "is not

24  cognizable" in federal court).  Because the denial of compassionate release violates no rights

25  protected by the U. Constitution or other federal law, it cannot support a claim under § 1983.

26      The court declines to offer plaintiff the option to convert his first claim to an action for

27  habeas corpus relief, because plaintiff's compassionate release claim was previously raised and

28  ////

1   dismissed on the merits in a separate habeas corpus action. Villacres v. CDCR, Case No. 2:16-

2   cv-0843 JAM KJN P (E.D. Cal.).

3           To the extent plaintiff may be seeking to challenge his parole board denial on grounds that

4   the Board lacked some evidence that he was a current danger to society, this claim also fails as a

5   matter of law. Brown v. Cal. Dept. Corr., 554 F.3d 747, 751 (9th Cir. 2009) ("[P]arole board

6   members are entitled to absolute immunity for parole board decisions.") (citing Bermudez v.

7   Duenas, 936 F.2d 1064, 1066 (9th Cir. 1991)); Swarthout v. Cooke, 562 U.S. 216, 219 (2011)

8   (federal habeas jurisdiction does not extend to review of the evidentiary basis for state parole

9   decisions).

10                                      4.   Due Process

11          Plaintiff's second and third allegations also fail to state cognizable claims, and should be

12   dismissed for the reasons now explained.

13          The complaint alleges that defendant Touche violated plaintiff's due process rights

14   because she did not answer his appeal "to substantiate" the finding that plaintiff was a danger to

15   society. ECF No. 1 at 2. Plaintiff also alleges that defendant Voong of the CDCR Appeals Office

16   failed to compel defendant Touche to answer his initial appeal. Id. Defendant Voong allegedly

17   denied the appeal because his office did not have jurisdiction to review the issue. Id. Finally,

18   plaintiff alleges that the Superior Court of San Joaquin County[1] violated his due process rights in

19   that Judge Humphreys did not require defendant Voong to review his grievance. Id.

20          Prisoners do not have an independent constitutional due process entitlement to a specific

21   administrative grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); see

22   also Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (holding that there is no protected liberty

23   interest to a grievance procedure). Prison officials are not required under federal law to process

24   _____

25   [1] Neither the state superior court nor the state court judge who denied plaintiff's request that
    defendant Voong be ordered to respond are identified as defendants. ECF No. 1 at 2. However,
26   even if they were named as defendants, the claims against them would have to be dismissed.
    Plaintiff alleges that the state court, through the judge, refused to issue an order, something within
27   the scope of the judge's judicial duties. Id. at 6. The Supreme Court has held that judges acting
    within the course and scope of their judicial duties are absolutely immune from liability for
28   damages under § 1983. Pierson v. Ray, 386 U.S. 547, 553-54 (1967).

1    inmate grievances in any specific way.  Plaintiff's claims that prison officials ignored or failed to

2    process his grievances do not state a cognizable claim for a violation of his due process rights

3    because there is no right to a particular grievance process or response.  See, e.g., Towner v.

4    Knowles, No. CIV S-08-2823 LKK EFB P, 2009 WL 4281999, at *2, 2009 U.S. Dist. LEXIS

5    108469, at *5-6 (E.D. Cal. Nov. 20, 2009) (plaintiff failed to state claims that would indicate a

6    deprivation of his federal rights after defendant allegedly screened out his inmate appeals without

7    any basis); Williams v. Cate, No. 1:09-cv-00468-OWW-YNP PC, 2009 WL 3789597, at *6, 2009

8    U.S. Dist. LEXIS 107920, at *16 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty

9    interest in the vindication of his administrative claims.").  Accordingly, plaintiff's allegations do

10   not state a claim upon which relief may be granted.

                              5.   No Leave To Amend

12         If the court finds that a complaint should be dismissed for failure to state a claim, the court

13   has discretion to dismiss with or without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1126-

14   30 (9th Cir. 2000) (en banc).  Leave to amend should be granted if it appears possible that the

15   defects in the complaint could be corrected, especially if a plaintiff is pro se.  Id. at 1130-31; see

16   also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given

17   leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely

18   clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v.

19   Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after careful consideration, it is clear

20   that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.

21   Cato, 70 F.3d at 1005-06.

22         For the reasons detailed above, plaintiff's first, second and third claims fail to support

23   relief.  To the extent plaintiff seeks immediate release, these claims fall outside the scope of §

24   1983 altogether.  This court has no authority to order compassionate release.  In addition, plaintiff

25   may not seek damages for a wrongful failure to grant him compassionate release (or parole),

26   because the decisions at issue regarding the duration of his confinement have not been invalidated

27   in any way.  Furthermore, the actions of which plaintiff complains do not violate any due process

28   rights as a matter of law.  None of these defects in plaintiff's claims are amenable to correction by

                                        8

1    amendment.  Accordingly, the undersigned concludes that amendment would be futile.  See

2    Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to

3    amend when amendment would be futile.").

4          The undersigned accordingly recommends dismissing the following defendants and claims

5    without leave to amend: (1) the BPH members and the claim that they wrongfully denied

6    plaintiff's compassionate release; (2) defendant Touche and plaintiff's claim that she failed to

7    answer plaintiff's appeal; and (3) defendant M. Voong and the claim that he refused to answer

8    plaintiff's grievance.

9                    D.  Deliberate Indifference

10                          1.  Failure To State A Claim

11         To maintain an Eighth Amendment claim based on inadequate medical treatment, plaintiff

12   must show "'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091,

13   1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires plaintiff

14   to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition

15   could result in further significant injury or the unnecessary and wanton infliction of pain,'" and

16   (2) "the defendant's response to the need was deliberately indifferent."  Id. (quoting McGuckin v.

17   Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (some internal quotation marks omitted),

18   overruled on other grounds WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en

19   banc)).

20         Indications that a prisoner has a serious medical need for treatment include the "'existence

21   of an injury that a reasonable doctor or patient would find important and worthy of comment or

22   treatment; the presence of a medical condition that significantly affects an individual's daily

23   activities; or the existence of chronic and substantial pain.'"  Lopez v. Smith, 203 F.3d 1122,

24   1131 (9th Cir. 2000) (quoting McGuckin, 974 F.2d at 1059-60).  Plaintiff's allegation that he was

25   diagnosed with terminal adenocarcinoma establishes the existence of a serious medical need.

26         Since plaintiff establishes the existence of a serious medical need, he must state facts to

27   show that prison officials responded to his terminal adenocarcinoma with deliberate indifference.

28   Deliberate indifference is a very strict standard.  It is more than "mere negligence."  Farmer v.

9

1   Brennan, 511 U.S. 825, 837, (1994).  A prison official will be found liable under the Eighth

2   Amendment when the "official knows of and disregards an excessive risk to inmate health or

3   safety" and "the official must both be aware of facts from which the inference could be drawn

4   that a substantial risk of serious harm exists, and he must also draw the inference.  Id.  A plaintiff

5   can establish deliberate indifference "by showing (a) a purposeful act or failure to respond to a

6   petitioner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439

7   F.3d at 1096 (citation omitted).

8       Deliberate indifference "'may appear when prison officials deny, delay, or intentionally

9   interfere with medical treatment.'"  Id. at 1096 (quoting Hutchinson v. United States, 838 F.2d

10  390, 392 (9th Cir.1988)).  A difference of opinion between an inmate and prison medical

11  personnel—or between medical professionals—regarding the appropriate course of treatment

12  does not amount to deliberate indifference to serious medical needs.  Toguchi v. Chung, 391 F.3d

13  1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  To establish a

14  difference of opinion rises to the level of deliberate indifference, plaintiff "must show that the

15  course of treatment the doctors chose was medically unacceptable under the circumstances."

16  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (citation omitted).

17      Plaintiff alleges that he was denied access to nutritional supplementation which prevented

18  his ability to abate the spread of adenocarcinoma.  However, it is unclear from the Complaint

19  whether the requested supplements, Chlorophyllin and NK Cell Activater, are medically-

20  recognized methods of treatment.  Plaintiff seems to suggest that because the manufacturer of the

21  supplements, Life Extension, is also a research foundation, the treatment should be accepted as

22  credible.  ECF No. 1 at 5.  However, the fact that the manufacturer conducts research does not

23  support a conclusion that the supplements will prevent further harm to plaintiff.  Neither does

24  plaintiff's own opinion demonstrate that treatment with these or any other supplements was

25  medically indicated or necessary.  The judges of this court have questioned the medical value and

26  effectiveness of alternative supplement treatments in the past.  See e.g., Moore v. CDCR Dir., No.

27  2:12-cv-1240 GGH P, 2012 WL 3204479, at *3, 2012 U.S. Dist. LEXIS 108515, at *7 (E.D. Cal.

28  Aug. 2, 2012) ("Plaintiff does not have a constitutional right to have multivitamins and iron

1    supplements provided for him at the cost of the state. . . . [T]hese products cannot be regarded as

2    necessities of which he is being deprived."); <u>Chappell v. Newbarth</u>, No. 1:06-cv-01378-OWW-

3    WMW (PC), 2009 WL 1211372, at *5, 2009 U.S. Dist. LEXIS 41499, at *12 (E.D. Cal. May 1,

4    2009) (finding that a plaintiff diagnosed with Hepatitis C did not state sufficient allegations to

5    show the denial of liver aid vitamins "was harmful and/or caused him any injury").

6          To establish deliberate indifference, plaintiff must allege facts showing that treatment with

7    the supplements was indicated by more than his own opinion, and that the defendant's act caused

8    him further harm.  He has not done so.  Furthermore, plaintiff's allegations suggest that medical

9    staff prescribed chemotherapy to treat his adenocarcinoma.  ECF No 1 at 9.  Taken as a whole,

10   the current allegations show no more than a difference of opinion between plaintiff and the

11   medical staff regarding the proper course of treatment,[2] which does not support a claim for

12   deliberate indifference.  Because it is possible that additional facts could cure the defect, leave

13   amend should be granted.

14         Plaintiff alleges that CHCF Warden Brian Duffy denied his requested treatment, but this

15   bare allegation against an administrative official is not sufficient to state a claim for deliberate

16   indifference.  Plaintiff also makes a vague reference to "the CA A.G. get[ting] on this inane

17   bandwagon of denial" (<u>id.</u> at 5), which is presumably a reference to Deputy Attorney General

18   Patricia Heim, who is identified as a defendant (<u>id.</u> at 2).  In order to state a claim for deliberate

19   indifference, plaintiff must be able to truthfully allege specific facts that show that defendants

20   Duffy and Heim intentionally denied and interfered with the alternative treatment despite being

21   aware of a serious risk to plaintiff's health or safety.  Because the court cannot exclude the

22   possibility that such facts exist, this claim should be dismissed with leave to amend.

23                          2.  <u>Leave to Amend</u>

24         If plaintiff chooses to file a first amended complaint, he must demonstrate how the

25   conditions about which he complains resulted in a deprivation of his constitutional rights.  <u>Rizzo</u>

26   ───────────────────
     [2]  Plaintiff identifies Dr. Church as a defendant (ECF No. 1 at 2), but in making his allegations
27   refers to medical staff generically (<u>id.</u> at 5, 9).  It is unclear whether plaintiff's references to
     medical staff are meant to refer to defendant Church or whether he intends to bring claims against
28   additional, unidentified staff members.

                                      11

1    v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how

2    each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th

3    Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link

4    or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

5    588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

6    participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,

7    268 (9th Cir. 1982) (citations omitted).

8          Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

9    his first amended complaint complete.  Local Rule 220 requires that an amended complaint be

10   complete in itself without reference to any prior pleading.  This is because, as a general rule, an

11   amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

12   1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims

13   dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent

14   amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the

15   original complaint no longer serves any function in the case.  Therefore, in an amended

16   complaint, as in an original complaint, each claim and the involvement of each defendant must be

17   sufficiently alleged.

18          E.  Summary

19         The first three claims should be dismissed without leave to amend, because the facts

20   plaintiff presents do not support relief in a civil rights action and no amendment could change

21   that.  Plaintiff seeks immediate release from prison absent evidence to substantiate defendant

22   Touche's conclusion that he was a current danger to society.  Plaintiff cannot get this kind of

23   relief in a § 1983 action.  Plaintiff's claims that he was wrongly denied compassionate release and

24   parole cannot be considered because this court cannot grant compassionate release, parole board

25   members have immunity for their decisions, and the court cannot look at the evidence relied on to

26   deny parole.  Plaintiff also cannot recover damages in a § 1983 action if the damages award he

27   seeks necessarily challenges his underlying conviction or denial of release.  Furthermore,

28   plaintiff's second and third claims related to his appeals must be dismissed without leave to

12

1   amend because prisoners are not entitled to a specific administrative grievance process.

2       Plaintiff's fourth claim, deliberate indifference to medical needs, will be dismissed with

3   leave to amend.  The facts plaintiff has alleged are not enough to state a claim for relief, but it is

4   possible that additional facts might do so.  Plaintiff needs to provide more information, if he can

5   do so, to show that the supplements he requested are medically indicated to treat adenocarcinoma.

6   For example, did the CHCF medical staff, or some other medical provider, order the supplements

7   as alternative methods of treatment?  Are the supplements medically recognized as necessary for

8   cancer treatment?  In other words, plaintiff must allege facts showing that the denial of the

9   request for supplements was medically unacceptable and caused him further harm or injury.

10  Plaintiff must also allege facts to show that defendants were aware of his condition and need for

11  the supplements and ignored it or interfered, denied, or delayed his treatment, causing harm.

12  Plaintiff should allege facts that identify who he believes caused or ignored the risk to his health

13  and explain how they caused or ignored the risk by denying his request for supplements.

14      If plaintiff chooses to amend his complaint, the first amended complaint must include all

15  of the claims plaintiff wants to make because the court will not look at the claims or information

16  in the original complaint.  **Any claims not in the first amended complaint will not be**

17  **considered.**  Plaintiff should also clearly identify who he claims did what.  For example, in the

18  defendant section of the complaint, plaintiff identifies Dr. Church as a defendant.  ECF No. 1 at 2.

19  However, he only makes allegations against "medical staff" generically.  This is not enough to

20  state a claim against Dr. Church.

21                          CONCLUSION

22      In accordance with the above, IT IS HEREBY ORDERED that:

23      1.  Plaintiff's request for leave to proceed in forma pauperis (ECF Nos. 4, 12, 13) is

24  granted.

25      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

26  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

27  1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

28  ////

1    Director of the California Department of Corrections and Rehabilitation filed concurrently

2    herewith.

3         3.  Plaintiff's motion to transfer the instant action to the Northern District of California

4    (ECF No. 14) is denied.

5         4.  Plaintiff's Eighth Amendment deliberate indifference claim (Claim Four) is dismissed

6    with leave to amend.

7         5.  Within thirty days after the United States District Judge assigned to the case rules on

8    the findings and recommendations, plaintiff may file an amended complaint that complies with

9    the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local

10   Rules of Practice.  The amended complaint must bear the docket number assigned this case and

11   must be labeled "First Amended Complaint."  Plaintiff must file an original and two copies of the

12   amended complaint.  Failure to file an amended complaint in accordance with this order will

13   result in dismissal of this action.

14        6.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

15   form used in this district.

16        IT IS FURTHER RECOMMENDED that plaintiff's claims against defendants Shaffer,

17   Touche, Voong, Labahn, Garner, Anderson, and Fasnatch related to the denial of compassionate

18   release and parole, and his due process claims for failure to respond to his grievance (Claims One

19   through Three), be dismissed without leave to amend.

20        These findings and recommendations are submitted to the United States District Judge

21   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days

22   after being served with these findings and recommendations, plaintiff may file written objections

23   with the court and serve a copy on all parties.  Such a document should be captioned "Objections

24   to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

25   /////

26   /////

27   /////

28   /////

14

1  objections within the specified time may waive the right to appeal the District Court's order.

2  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: February 7, 2017

4  _____
   ALLISON CLAIRE
5  UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28